12-2873-cr
United States v. Mergen

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand thirteen.

Present:

> ROBERT A. KATZMANN,
> > *Chief Judge,*
> DENNIS JACOBS,
> > *Circuit Judge,*
> KEVIN THOMAS DUFFY,
> > *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

*Appellee*,

v.                                        No. 12-2873-cr

VOLKAN MERGEN,

*Defendant-Appellant*.

_____

---

[*] The Honorable Kevin Thomas Duffy, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee:               EVAN M. NORRIS (Emily Berger and John J. Dennehy *on the brief*), Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney, Eastern District of New York, Brooklyn, N.Y.

For Defendant-Appellant:    ANDREW J. FRISCH, Jeremy B. Sporn, The Law Offices of Andrew J. Frisch, New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of conviction is **REMANDED** for further proceedings.

Appellant Volkan Mergen worked for years as an FBI criminal informant, providing information that aided in the conviction of members of the Gambino and Bonnano crime families of La Cosa Nostra. After he participated in an arson—about which he had warned the FBI, and during which he was wearing a wire—the United States Attorney's Office for the Eastern District of New York prosecuted him on a number of counts, including ones related to the arson. He appeals his conviction following a jury trial in the United States District Court for the Eastern District of New York. We presume the parties' familiarity with the facts and procedural history of this case.

Mergen's trial defense was that the FBI bungled its prevention of the arson and used Mergen as its scapegoat. Among other things, Mergen argues that the district court erred by excluding a recording that Mergen surreptitiously took after the arson while meeting with his FBI handler, Agent George Wright. On cross, when asked, "[D]id you ever tell [Mergen] that you felt he did nothing wrong?," Agent Wright testified, "No, I did not." Mergen's counsel then sought to impeach Agent Wright by playing a recording of Agent Wright telling Mergen that the

agent did not think Mergen did anything wrong. Mergen's counsel had not disclosed the recording to the government prior to trial. The district court played the recording, identified as Exhibit O, outside of the jury's hearing, but it was not taken down by the court reporter or included in the record on appeal. Ultimately, the district court did not permit Mergen's counsel to play the tape during Agent Wright's cross-examination, and formally excluded it on the bases of hearsay and lack of authentication when Mergen later took the stand in his own defense.

Because the recording was not included as part of the record on appeal and its exclusion raises some serious evidentiary issues, this panel requested a copy during oral argument on September 12, 2013. A week later, on September 19, 2013, Mergen's counsel sent a letter to the court enclosing a compact disc containing an unintelligible recording. On September 22, 2013, Mergen's counsel sent the court a second letter and compact disc. The second letter indicated that Mergen's counsel "determined that the tape that was excluded at trial is different than the one that [was] sent to the court last week," and now enclosed copies of "what [he] now believe[s] is the recording that the district court heard and precluded."

The government wrote the court on September 26, 2013, indicating that it did not believe that the second recording provided by Mergen's counsel was the recording played at trial. The government argues that "[g]iven the questions of authenticity and intelligibility raised below by the government and district court, which questions continue to be relevant on appeal, the government believes it is inappropriate for the Court to consider anything other than the tape recording trial counsel 'identified as defense for identification O' and sought to admit in evidence."

3

Prior to receiving the government's letter, the panel reviewed the second recording. The panel could make out the following colloquy around the 41:39 mark:

Mergen: Between you and me, do you think I did anything wrong that night?

Agent Wright: No, no.

If this indeed is the recording that was played at trial, it should not have been excluded on the bases of either hearsay or lack of authentication.

First, prior inconsistent statements offered for impeachment are, by definition, not hearsay. Hearsay is an out-of-court statement offered "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2); *see also United States v. Reyes*, 18 F.3d 65, 69 (2d Cir. 1994). Prior inconsistent statements are not offered for their truth, but rather to demonstrate the witness's lack of credibility. *See Farrington v. Senkowski*, 214 F.3d 237, 241 n.1 (2d Cir. 2000). Since Mergen's counsel offered the recording to challenge Agent Wright's credibility, it should not have been excluded as hearsay.

Second, the fact that some portions of a recording may be inaudible is not a proper basis for exclusion under the authentication rule. "The authentication prerequisite simply requires the proponent to submit 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999) (quoting Fed. R. Evid. 901(a)). So long as "sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity," the authentication requirement is satisfied. *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001). Mergen's willingness to waive his Fifth Amendment right and testify about the recording indicates that there was sufficient proof of the recording's authenticity. Moreover, when a district court considers the admissibility of a scratchy recording,

4

the inquiry is typically one of relevance rather than authentication. The question is not whether there are "ambiguous" or "inaudible" portions in the recordings, but whether the audible portions of the recordings retain probative value. *United States v. Arango-Correa*, 851 F.2d 54, 58 (2d Cir. 1988). "Unless the unintelligible portions are so substantial as to render the recording as a whole untrustworthy[,] the recording is admissible." *United States v. Bryant,* 480 F.2d 785, 790 (2d Cir. 1973); *see also United States v. Fuentes*, 563 F.2d 527, 532 (2d Cir. 1977). "Our decisions in this area reveal a clear preference for the admission of recordings notwithstanding some ambiguity or inaudibility, as long as the recordings are probative." *Arango-Correa,* 851 F.2d at 58. While the second recording provided by Mergen's counsel was not crystal clear, it was sufficiently intelligible, and certainly probative of Agent Wright's credibility.

In a case like this that depends on whether the jury believes the word of the defendant versus the word of an FBI agent, exclusion of such impeachment evidence is not harmless error. *See, e.g.*, *Rosenfeld v. Basquiat*, 78 F.3d 84, 92 (2d Cir. 1996); *United States v. Lawson*, 683 F.2d 688, 693 (2d Cir. 1982). However, the government's letter, coupled with the multiple recordings offered by Mergen's counsel, raise a question as to whether the second recording provided is the same recording that was played at trial. Accordingly, we believe a fuller explanation and further findings are required. We therefore remand Mergen's case in accordance with the procedure of *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) for further development of the record.

A mandate shall issue forthwith remanding the case to the district court to determine and clarify (1) which recording submitted by defense counsel on appeal was in fact played at trial; (2) the relationship between those two recordings, if any (*e.g.*, whether one recording is merely

an altered version of the other); (3) when and how the recordings were created, stored, and altered, if at all; and (4) what is said on the recording played at trial. After the district court renders a decision on these issues, either party may restore jurisdiction to this Court without need for a new notice of appeal by filing with the Clerk a letter (along with a copy of the relevant order or transcript) advising the Clerk that jurisdiction should be restored. The reinstated appeal will be assigned to this panel for disposition without further briefing or oral argument unless otherwise ordered.

Accordingly, for the foregoing reasons, the judgment of the district court is REMANDED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK